JOSEFA URDAZ IGUINA, Petitioner and Appellant, *v.* JOSÉ PADÍN, COMMISSIONER OF EDUCATION OF PUERTO RICO, ET AL., Respondents and Appellees.

No. 6432. Argued November 16, 1934.—Decided March 27, 1935.

298

*Susoni & Defendini* for appellant. *Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The ground of the present appeal is that the district court erred in holding that petitioner had been guilty of laches by not asserting her rights within the period of some three years. The gist of the argument is that if an alternative writ had been issued, petitioner would have had an opportunity to explain the unreasonable delay.

Petitioner applied for a mandamus to compel her re-appointment as a teacher in the public schools. She filed her original petition in March, 1933, and, in an amended petition filed April 3, 1933, alleged in substance: That she had graduated from a normal school in 1928, had been appointed as a teacher in a rural school for the year 1928–29, and had taught during that school year; that, at the beginning of the school year 1929–30, petitioner was ill and requested that a substitute be appointed for that year; that a substitute was appointed and taught during the whole of that year; that contrary to certain provisions of the regulations, petitioner was not reappointed at the beginning of the school year 1930–31; that she wrote December 17, 1930, to Antonia Brandi, school director at the time, demanding performance of the ministerial duty imposed by certain provisions of the regulations, and received no reply; and that in view of the fact that the director took no action under the said provisions, petitioner wrote the Commissioner of Education, August 21, 1930, and he refused to comply with her request on the ground of information given by the school director, unaccompanied by petitioner's resignation in writing, without which, according to the regulations, a teacher cannot be deprived of her school unless the same has been discontinued (which had not occurred in the instant case) or unless the public interest be involved, which likewise was not the case.

Section 17 of the Organic Act provides that: "The Commissioner of Education shall superintend public instruction throughout the Island of Puerto Rico; . . . He shall prepare rules governing the selection of teachers, and appointment of teachers by local school boards shall be subject to his approval, and he shall perform such other duties, not inconsistent with this Act, as may be prescribed by law." We do not have before us the regulations prepared by the Department of Education. The portions thereof set forth in the petition read as follows:

"It shall be understood that such teachers as have their positions permanently guaranteed, under subdivisions A and B of part 10 of these regulations, apply for school positions unless they inform the school director by letter, waiving their right to reappointment. Subdivision (A) of part 10: Teachers who taught during the preceding year in the public schools of the same town and whose last rating was not 'F', unless such teachers inform the school director in writing that they do not desire to be appointed."

Subdivision (*a*) of part 10 just quoted speaks of "teachers who taught during the preceding year". As a matter of fact, petitioner had not taught during the preceding year and did not come within the letter, at least, of subdivision (*a*). For the purposes of this opinion, it may be conceded that she was within the spirit of that subdivision. The most that can be gathered from the meager portion of the regulations quoted by petitioner is that regular teachers who have either taught in person or have been represented by a substitute during the preceding year shall be deemed to have applied for reappointment in the absence of a written statement to the effect that they do not desire reappointment. That is the only guarantee contained in subdivision (*a*). There is nothing in any part of the text quoted by petitioner that imposes on the school director the ministerial duty of reappointment. Certainly nothing can be found therein which deprives the Commissioner of Education of the discretion conferred upon him by the Organic Act as to the approval or disapproval of any appointment or reappointment made by the school director, who now acts instead of the school board referred to in the Organic Act. Even if it should be conceded that the petition states a cause of action against the school director, petitioner would receive no benefit from the issuance of a writ against the director alone, in view of the position taken by the Commissioner of Education. In this connection, it may be noted in passing that petitioner did not allege any previous demand upon the respondent, Ruiz Soler, but only a demand upon his predecessor in office. Petitioner's failure to set forth more fully

the nature of her demand made upon the Commissioner of Education and the reasons given by him for his refusal to accede to that demand would have been sufficient ground for the refusal of the district judge to issue a writ addressed to the commissioner.

█ We find no error in the conclusion reached by the district court upon the question of laches. When the original petition was filed, the district judge ordered a preliminary hearing as to whether the writ should be issued. The parties not only appeared at the hearing, but filed briefs. When the district judge came to consider these briefs he found that an amended petition had been filed after the hearing and ordered a new hearing on the basis of the amended petition. Thus petitioner had ample opportunity to explain, either in the amended petition or by supporting affidavits, her long delay. In view of the fact that no explanation was forthcoming and of the further fact, which appeared with reasonable certainty although not expressly averred by petitioner, that the position which she once held had been filled by the appointment of another teacher, the district judge was justified, we think, in finding that the delay was unreasonable and that the application for relief by mandamus came too late.

The judgment appealed from must be affirmed.

Mr. Justice Aldrey took no part in the decision of this case.